Morning. May it please the Court, Counsel. My name is Nathan Leonardo. I represent the appellant in this case, Robert Stoddard. Mr. Stoddard was convicted following a bench trial in this case of a felony violation of 18 U.S.C. 111. The facts that that was based on are undisputed. Essentially, he was a federal prison inmate. He was inside of a cell and spit out through a food trace slot in the door at a federal prison guard. Are you related to the judge? I am, Your Honor. Is that your father? Yes, it is. Okay. Go ahead. Some of the spray from the spit hit the prison guard in the side of the face and the upper chest area. Based on that, the Court found Mr. Stoddard guilty of a felony violation of 18 U.S.C. 111, which basically creates, appears to create three separate offenses, one being punishable by up to 12 months in prison, and that's if the conduct was simple assault. The next one is if the contact or the conduct involved physical contact, the maximum term of imprisonment is 8 years, and that's basically what the Court found Mr. Stoddard guilty of. Mr. Stoddard had moved to dismiss the felony indictment, basically arguing that his conduct was actually a simple assault and therefore a misdemeanor under the statute punishable by up to 12 months. The Court denied that, and he renewed that motion at the directive verdict stage at the close of the government's case. Was there a plea offer in this case? There was a plea offer, yes, to a felony. I believe it was, I know it was more than he got. But it was to the felony offense. It was to the felony offense. Isn't the bottom line what we're looking at here, whether it's a misdemeanor or a felony under the statute, paragraph 2, whether it involved physical contact? Well, isn't that the bottom line? Under the statute, just reading the paragraphs in the statute, if it's physical contact, there can be a felony. If there's no physical contact, then it's a misdemeanor? Well, I guess that is a question, but then what is physical contact? The problem is? I'm not suggesting that that limits you. I'm just suggesting that such acts involve physical contact. That seems to me to be the bottom line, physical contact, possible felony, no physical contact, something else. Well, I think it's unclear, because this Court has already. What's unclear about reading the statute? Where such acts involve physical contact. How do I get around that? That's plain language. Well. Plain Idaho English. I guess because it's possible that you don't get there because the paragraph before that talks about a simple assault. Well, I understand, but it seems to me the statute is pretty clear. Simple assault can be a lot of things. But where such acts involve physical contact with the victim, felony. I think Judge Smith is asking you to focus on what may be your best argument. I agree with that. So, yes. It's a good teaching point. You know, sometimes we ask questions to find out where you are in a case, and good counsel use them to their client's advantage. So what's your best argument that this does not involve physical contact? Well, the best argument is essentially looking at the common law definition of assault and this Court's recommended jury instruction, which doesn't seem to include physical contact.    And so I think that's the case. Your client didn't touch the guard, did he? No. He did not touch the guard. And he didn't try to touch the guard with his hand or his foot or his head? No. And I think it would be virtually impossible, given his situation locked up in the situation where these terms are not defined and the court is in a position to define the terms and public policy and almost common sense as far as the punitive scheme of the statute indicate that something like spitting or throwing a bodily fluid on somebody, those are disgusting and offensive acts, but they are not dangerous acts. If this prisoner were HIV positive and he had an open sore in his mouth, would you feel differently? Yes. I would feel differently. Then you would say that even though there was no physical contact, there's a felony assault. Yes. And, in fact, I think you can, a prosecutor could argue that that falls within the third category. But you're reading into the statute a requirement that in the absence of actual physical contact, the substance that touches the correctional officer either has to be disgusting or dangerous. No, it doesn't. I don't think that it has to be. I assume it has to be either offensive. It has to be offensive. I don't know. I mean, it doesn't. What if it were hot coffee? Well, that would be dangerous. And I think that's where the key distinction is, whether the conduct is dangerous or not. And I think that only – obviously, if you're using a weapon, that falls within the third paragraph of the statute, and that's dangerous. If you had – but I don't think spitting or throwing urine at an officer, that's disgusting and offensive. But I don't think it's dangerous unless there is a disease involved. And so I don't think it should be penalized in the same way. Sotomayor, do you recognize there are cases, albeit from other circuits, that say throwing urine or excrement, even in the absence of actual physical contact, satisfies the physical contact requirement? That is correct. Those cases were not dealing with this new version of the statute. And also those, I believe, and I'm not sure exactly the case you're referring to, but I believe those circuits did not analyze the statute before it was amended in the same way that this Court did, which was to require an assault for any violation of this statute, which, if any assault involving physical contact was a felony, simple assault could only then be a threat. That would be the only possible way to commit a misdemeanor under the statute. And to me, that doesn't make sense, one, because Congress didn't say, right. How would you define the difference? What's the line? What's the principle that whether it's an assault, whether it's a touching or a throwing of some object, how would we define the difference between the two types of assault? I would say body-to-body contact should be what physical contact means under the statute rather than no body-to-body contact. For instance, punching, kicking, those kind of pushing. So then if you say body-to-body, is it how do you get around Llewellyn? Well, Llewellyn, our Court said that spitting on someone was an offensive touching therefore a battery. Well, it actually said that the spitting was a simple assault. And that's what that's. Well, no. What they said was that it was an offensive touching and therefore it was sufficient to sustain the conviction. They didn't say it was a simple assault. They said it was an offensive touching, therefore sufficient to sustain the conviction of simple assault. Under the theory, the assault was an attempted battery. That's a difference. That's a difference. That's not saying it's a simple assault. That's saying because it's more than a simple assault, it'll sustain simple assault. Agreed. I think the difference is it's not forceful. There's no danger or force being applied. It is offensive, an offensive touching. And to me, that's more a simple assault than a felony forcible assault that involves physical contact. You know, it's, again, it's because the case law doesn't really address it and it's not finding the statute is unclear. And it's, you know, I think it makes sense to distinguish between a non-dangerous just offensive conduct like spitting and dangerous conduct that could actually injure somebody or an attempt to injure somebody. Thank you, counsel. You're welcome. Good morning. May it please the Court. I'm Ann DeMarais, Assistant United States Attorney on behalf of the United States. In this case, the district court correctly found that the defendant committed a felony offense under 111 because the spit hit the officer in the face, thus there was physical contact in this case. And I think the plain language of the statute says physical contact. The spit hit him. There's, you know, the defendant's view is very narrow in that it has to be hand-on-hand contact. I mean, the case law is clear that spitting is an offensive touching. Touching is physical contact. So if you had thrown a Coca-Cola at him and hit him, that would not qualify? Your Honor, I mean, I guess it would depend on the circumstances. We do have to prove a forcible assault. Well, that would be a forcible assault, wouldn't it? I guess it could be, yes. It could be prosecuted under this. Somewhere in there we've got the concept of offensive touching. Yes. And being hit with a Coca-Cola, it might depend on what part of the body, wouldn't it? If he throws a Coca-Cola at you and it hits you in the foot, would that still be a felony? Your Honor, I don't think so, and this is why. Llewellyn really talks about an offensive touching. I mean, I guess if the prosecutor could argue to a jury this is a forcible assault because it's an offensive touching, I don't know if that's one that I would want to try. But I think the key in this case is the offensiveness of the touching. It's an offensive touching. And that's what Llewellyn said. Common law battery. You spit in someone's face. It's common law battery. It's an offensive touching. So a cold glass of water in the face would qualify? I don't. It sounds like you're hesitating because what's probably going through your mind is whether you, as a Federal prosecutor, would charge felony assault in that case. Am I right? That's exactly right. And I think that. Well, you know what my next question is. No, Your Honor, what is it? Why did you charge it here? Your Honor, I charge. If you wouldn't charge a cold glass of water in the face or the contents of a Coca-Cola can thrown at the feet, why did you charge this as a felony? Numerous reasons, Your Honor. Number one, the statute does support. It's an offensive touching. I have to prove it's a forcible assault. Spit is disgusting. It's offensive. The officers do not know which inmates have diseases, and a lot of them do. They're IV drug users. I mean, it's a very dangerous thing. Spitting in someone's face is offensive. Second of all, I charged it. He is an inmate. Part of the reason why we charge and pursue these cases is a punishment and a deterrent. And don't spit on Federal officers, especially in a prison setting. That's very effective, Your Honor. What was the sentence here? Your Honor, he did receive 24 months, and that was half the guideline sentence because he did have some enhancements because of an obstruction of justice issue. So he got 24 months, I believe, was the sentence. And misdemeanor would have been a year or under, is that right? Correct, Your Honor. The defense attorney relies on this Gagnon case to prove his point in the other circuit. And I think a lot of this, too, before the statute even changed in 2008 to include physical contact, that's where most of the circuits were going. We're like, what is this all other cases? And they're saying, we're going to say there's physical contact. So past cases basically looked at the physical contact to make it an all other case thus being a felony. Once they amended that statute to say physical contact, I think the plain language is clear. Of course, it has to be an assault. You know, we can't forget that it has to be a forcible assault to begin with to charge et al. Then once it is a forcible assault, which spitting is, we have the physical contact. So a cold glass of water in the face accompanied by a vial expletive, would that be enough? As a prosecutor, I do not feel that would be enough to proceed to jury trial, Your Honor. But would it be enough under the statute? I don't think so, because I don't think it's a forcible assault. Now, if you look at a boiling hot water, okay, that's an offensive forcible assault touching. So it's the word offensive that determines whether it's a felony or not. It's a ---- I think the word under the ---- I'm thinking of the jury instruction. Element A is the defendant forcibly assaulted the officer. So I'm looking at element number one before we even get to the felony, forcible assault. I've got to prove forcible assault first. So you're even suggesting it may not be a misdemeanor. Pardon, Your Honor? You're even suggesting those examples may not be misdemeanors, because the forcible assault is certainly part of the misdemeanor as well as the contact. Correct. So, again, you're really talking about whether it would be an assault or not, and this would be an assault that would be a misdemeanor assault, is the language you're focusing on, because as I understand the statute, it doesn't talk about forcible assault there. The forcible assault is part of the simple misdemeanor. What goes to the added language here in the statute is, and the act involved physical contact. That's correct, Your Honor. And this Court has said in Chapman ---- it's a little different than the other circuits because this Court has said in Chapman, so maybe I'm going far afield. In Chapman, this Court has said you have to have an assault. The jury instruction reads element one, the defendant forcibly assaulted. So you have to get past that. If you get past your forcible assault, hot water, boiling water, forcible assault. Cold water, perhaps not. I don't understand the difference in the statutory language where you eliminate cold water from hot water. What language in the statute distinguishes those two assaults? It doesn't. It doesn't, Your Honor. And what I'm looking at is the ---- what I'm considering is what I have to prove is a forcible assault, and I think obviously one is more offensive than the other. I mean, you have to prove element A. But as I said, you keep coming back to offensive, but then you back away from it. It seems to me like you're really relying on offensive whenever the questions get a little difficult. And that may go to what Judge Hawkins asked about the prosecutorial discretion. And you may be saying if it's offensive, you would prosecute for a felony, and if it's not offensive, you wouldn't. But that's a different answer. It's a ---- then you would be saying there's no difference under the statute, but it has to do with when a decent prosecutor would charge one rather than the other or a prosecutor who didn't feel that this particular defendant might be deserving of stricter treatment than another defendant. Your Honor, that's ---- I mean, there's always prosecutorial discretion in all these. And what this ---- the record shows, this defendant had a lot of issues. But I do think ---- Well, that's all. I mean, I'm just asking you, is there a difference in the statute? And it seems to me you're coming back to something that is not a statutory element in distinguishing them. Well, Judge, I'm sorry. I'm looking at this Court's interpretation of that statute under Chapman. You know, there's nothing wrong with admitting here or anywhere else that although there are some assaults that would technically meet the physical contact requirement that you as an individual prosecutor would exercise your discretion not to charge as a felony. There's nothing wrong with that. But in this one, your review of the facts and the evidence, and I assume you spoke with the correctional officer, led you to the conclusion that it was an appropriate case to prosecute. Yes, Your Honor. There's nothing wrong with that. Yes. And I do recognize also as a prosecutor that resist, impose, impede is not enough. I have to prove a forcible assault. I have to prove an assault. For a felony, I have to prove physical contact. And to sum up, the defendant's reliance ---- You're saying that obnoxious, that was what I was saying before, relates really to your prosecutorial decision, not to whether it constitutes a particular type of offense. I feel in front of a jury I would have a harder time proving my case that cold water in the face of a correctional officer is a forcible assault versus spitting in an officer's face is a forcible assault. So it's a little bit of both. It's what I have to prove, a forcible assault. But when we get to the physical contact, the plain language is absolutely clear that physical contact is a felony once we get past the assault, and the assault is an offense of touching. Thank you. Someone smarter than me defined prosecutorial discretion as that area between where you have the power to do something, but discretion suggests you shouldn't. Just a thought. Thanks for coming in today. Just really briefly, I just wanted to point out that the Llewellyn case said that basically we agree with these courts that intentional spitting on another person is an offense of touching that rises to the level of simple assault under the theory of assault as an attempted or completed battery. So I think what they're saying is that this kind of conduct barely rises, it sounds like, barely rises to the level of simple assault, which is a misdemeanor crime under the statute. I don't think that there can be a meaningful line drawn between a cup of cold water and spitting. I don't think either one, they may both be considered offensive touchings, but I don't think either one is a felony offense or should be under the statute. And the court has no further questions. Thank you, counsel.
judges: Reinhardt, Hawkins, Smith N. R.